IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENAN WATKINS, individually and
on behalf of all others similarly situated                               PLAINTIFF

VS.                                            CIVIL ACTION NO.: 3:22-cv-487-KHJ-MTP

ALLSTATE INSURANCE COMPANY                                             DEFENDANT

## COMPLAINT

**\*\*JURY TRIAL DEMANDED\*\***

Plaintiff, Kenan Watkins, files this action on his own behalf and on behalf of other persons as defined below against the Defendant, Allstate Insurance Company, and in support thereof would show unto the Court the following:

## Introduction

1. This action arises from automobile insurance policies that were sold by Defendant, Allstate Insurance Company ("Allstate"), in the State of Mississippi which impermissibly deny insurance coverage that is required by law. These policies were sold by Allstate Insurance Company and purchased by and issued to, *inter alia*, Kenan Watkins in Mississippi and also sold by Allstate Insurance Company to similarly situated citizens in Mississippi. This action is filed on behalf of Plaintiff and all other Mississippi insureds who are similarly situated to Plaintiff. The claims of the proposed class arise as a result of Allstate Insurance Company's issuance of policies that fail to provide uninsured/underinsured motorist property damage coverage to the full extent required by Mississippi statute.

## Parties

2. Kenan Watkins is an adult resident citizen of Lee County, Mississippi.

3. Allstate Insurance Company is a foreign corporation that is authorized to conduct business in the State of Mississippi. Allstate Insurance Company may be served with process by serving a copy of the Summons and Complaint upon its registered agent, CT Corporation System of Mississippi, which is located at 645 Lakeland Drive, Suite 101, Flowood, Mississippi 39232.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between citizens of different states. This Court additionally has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the class members are of diverse citizenship from the Defendant's home state, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Statement of the Facts

6. On or about December 7, 2021, Kenan Watkins was involved in a motor vehicle accident in Baldwyn, Mississippi.

7. At the time of the accident, Mr. Watkins was driving his 2021 Chevrolet Tahoe when he was struck by a vehicle driven by Kimberly Jones.

8. Due to the accident, Mr. Watkins' Tahoe sustained substantial damage.

9. The vehicle driven by Kimberly Jones was insured by Safeway Insurance Company.

10. As a result of the accident, Safeway Insurance Company paid $24,314.25 towards Mr. Watkins' property damage claim.

11. Because of the accident, Mr. Watkins' Tahoe has sustained $13,454.00 in diminished value.

12. Safeway Insurance Company has offered the remaining $685.75 of its policy limits.

13. The policy limits maintained by Kimberly Jones were insufficient to cover the full extent of Mr. Watkins' property loss.

14. Prior to the accident, Mr. Watkins entered into an insurance contract with Allstate to provide insurance on the subject 2021 Chevrolet Tahoe, Allstate policy number 815 239 980 (the "Policy"). The Policy provided coverage for two vehicles: the subject 2021 Chevrolet Tahoe and a 1999 GMC Sonoma.

15. Mr. Watkins paid the premiums for the coverage on the 2021 Chevrolet Tahoe, and for the other household auto, and Allstate agreed to provide insurance coverage for the autos. The Policy was paid for in full and was in force on the date of the accident.

16. At all times material hereto, the 2021 Chevrolet Tahoe and 1999 GMC Sonoma each had property damage UM coverage under the Policy in the amount of $25,000, for a stacked limit of $50,000.

17. Pursuant to Miss. Code Ann. § 83-11-101(2), Kimberly Jones was underinsured and Mr. Watkins is entitled to recover from the uninsured motorist coverage provided by the Policy.

18. Following the accident, Mr. Watkins made a claim with Allstate on the subject Policy for his diminished value claim; however, his claim was denied. In denying his claim, Allstate relies upon an exclusion that it has included in its Policy which excludes "any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement."

19. This exclusion narrows the coverage provided by Miss. Code Ann. § 83-11-101(2).

20. Mississippi law is well-settled that "an insurer cannot limit, restrict or reduce the coverage requirements of the UM statute by omitting language or inserting restrictive language into its insurance policies." *Spradlin v. State Farm Mut. Auto Ins. Co.*, 650 So. 2d 1383, 1386 (Miss. 1995).

21. Such restrictions "have been found to be void and against public policy." *Atlanta Cas. Co. v. Payne*, 603 So. 2d 343, 347 (Miss. 1992).

22. Upon information and belief, Allstate has regularly and consistently relied upon this exclusion to deny uninsured and/or underinsured motorist claims to an entire class of people in the same manner in which it has denied coverage to Mr. Watkins.

23. As a direct and proximate result of Allstate's failure to comply with Mississippi law, Mr. Watkins has been damaged and is likely to continue to be damaged, and he is entitled to damages and declaratory and injunctive relief as set forth below.

## Class Allegations

24. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

25. All insurance policies issued and/or delivered by Allstate to Mississippi policyholders are uniform in all respects material to the claims asserted by the Plaintiff.

26. Allstate's acts, omissions, and/or policies constitute, *inter alia*, unfair insurance practices, omissions of material fact, wrongful denials of UM/UIM coverage, and breach of the implied covenant of good faith and fair dealing against Plaintiff and all other similarly situated Allstate insureds in Mississippi.

27. Plaintiff asserts his claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all insureds under policies issued and/or delivered in Mississippi in which the state statute recognizes a claim for uninsured/underinsured motorist coverage, but the Defendant's policy fails to do so based upon an exclusion contained in the policy which is in conflict with the state statute.

28. Plaintiff is a member of the class that he seeks to represent, and Plaintiff's claims are representative of the class.

29. The class, as defined above, is sufficiently numerous that joinder of all members is impracticable. There are common issues of law and fact to all of the claims of the class members. A class action represents the easiest and most economical way to declare and notify class members of their rights as set forth herein and their potential claims. A class action also ensures that all potential claimants are notified and can redress the wrongs and make a claim for UM/UIM coverage.

30. Excluded from the class are officers, directors, and employees of Defendant Allstate Insurance Company, their spouses, children, heirs, and assigns.

31. The proposed class definition is precise, objective, and presently ascertainable, and it is administratively feasible for the Court to easily ascertain whether a particular individual is a member.

32. There are questions of law and fact common to the class, and these questions predominate over individual questions. Such questions include, *inter alia*, whether Defendant Allstate's acts and/or practices amount to a breach of its contractual obligations with respect to its Mississippi insureds, whether Allstate's acts and/or practices breached the implied covenant of good faith and fair dealing with respect to the policies issued and/or delivered to its Mississippi insureds, whether Allstate's policy provision that excludes uninsured/underinsured motorist coverage for diminished value claims violates Mississippi public policy, and whether injunctive and other equitable remedies and extra-contractual and punitive damage relief for the class is warranted.

33. Certification of the class is desirable and proper because Plaintiff's claims are typical of the claims of the members of the class that Plaintiff seeks to represent. Without limitation, Plaintiff claims that Allstate's acts and practices are in breach of the common law and statutory duties alleged herein and are typical of the claims of the members of the class.

34. Certification of the class is desirable and proper because Plaintiff will fairly and adequately protect the interests of the class he seeks to represent. There are no

conflicts of interest between Plaintiff and those of other members of the class, and Plaintiff is cognizant of his duties and responsibilities to the class.

35. Plaintiff seeks to establish the rights and obligations of the parties with respect to the claims at issue in this case and to enjoin Allstate Insurance Company from continuing to engage in those practices that violate the duties and contractual and legal obligations owed to Plaintiff and the class under Mississippi statutory and common law.

36. This action is properly maintainable under both Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure because Allstate has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declarative relief appropriate with respect to the class as a whole. Plaintiff seeks final injunctive or corresponding declarative relief providing coverage for those Mississippi policyholders who are covered under Mississippi's uninsured motorist statute, but which Allstate's policy seeks to restrict unlawfully. This action is properly maintainable under both Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure because questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the case. This action is also properly maintainable under Rule 23(c)(4) for all class issues alleged herein.

## Causes of Action – Individual Claims

### Count I – Breach of Contract

37. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

38. The Policy constituted a binding contract in which Allstate agreed to provide, for a certain premium amount, uninsured motorist insurance to Kenan Watkins, his family members, members of his household, and/or any other person occupying his auto with express permission.

39. Kenan Watkins was entitled to recover from Allstate up to the applicable policy limits all of those amounts he would be entitled to recover from the tortfeasor for damages sustained as a proximate result of the wreck described herein. Kenan Watkins was entitled to recover from Allstate up to the applicable policy limits, compensation for the diminution of value that his vehicle has experienced as a result of the wreck described herein.

40. Allstate Insurance Company has steadfastly refused to pay any amount whatsoever to Kenan Watkins under the uninsured motorist provision of the Policy for the diminished value his vehicle sustained as a proximate result of the wreck described herein.

41. Allstate Insurance Company's actions constitute a breach of contract, and as a direct and proximate result of Allstate's breach, Kenan Watkins has suffered damages.

### Count II – Tortious Breach of Contract

42. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

43. Allstate's breach of the insurance contract was accompanied by an intentional wrong, insult, abuse, or negligence that was so gross as to constitute an

independent tort. Allstate's actions constitute a tortious breach of the contract, thereby entitling Kenan Watkins to extra-contractual and punitive damages, which he specifically seeks to recover. As a direct and proximate result, Kenan Watkins has suffered damages in an amount that will be shown at the trial of this matter.

**Count III – Violation of the Covenant of Good Faith and Fair Dealing/Bad Faith**

44. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

45. Allstate owed Kenan Watkins a duty to exercise good faith and an obligation to deal fairly with his claim. Further, Allstate owed Kenan Watkins a duty to deal with him and adjust his claim in good faith.

46. Allstate breached the duty of good faith and fair dealing by, including but not limited to, denying and continuing to deny Kenan Watkin's claim under the Policy without a legitimate or arguable reason.

47. The acts on the part of Allstate violated standards of decency, fairness and/or reasonableness, and they constitute a bad faith breach of the duty to exercise good faith and an obligation to deal fairly with Kenan Watkins' claim, thereby entitling Mr. Watkins to extra-contractual and punitive damages which he specifically seeks to recover.

48. As a direct and proximate result of Allstate's bad faith breach of the duty of good faith and fair dealing, Kenan Watkins has suffered damages in an amount that will be shown at the trial of this matter.

## Count IV - Negligence

49. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

50. Allstate owed one or more of the following duties to Kenan Watkins:

    a. A duty to place the interests of the Plaintiff above its own interests;

    b. A duty to conduct a prompt and thorough investigation of the Plaintiff's claims in a timely fashion;

    c. A duty to pay the Plaintiff's undisputed claims in a timely fashion;

    d. A duty to honor its contractual obligations;

    e. A duty to comply with Mississippi law regarding uninsured motorist provisions in the insurance policies it issued and/or delivered in Mississippi, including Mr. Watkins' insurance Policy; and

    f. A duty not to deny Mr. Watkins' claims under the Policy without a legitimate or arguable reason.

51. Mr. Watkins would show that Allstate Insurance Company breached one or more of the above duties, and other duties, and by doing so, negligently denied his claim.

52. Allstate Insurance Company was negligent in adjusting Kenan Watkins' claim in such a manner so as to deny his claim under the Policy.

53. The aforesaid negligence was the proximate and/or contributing cause of damages to the Plaintiff in an amount that will be shown at the trial of this matter.

**Count V – Negligence *Per Se***

54. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

55. As of 2015, Mississippi had the second-highest number of uninsured motorists. It is estimated that 23.7% of Mississippi's motorists are uninsured.

56. With the state minimum limits of $25,000 in uninsured motorist coverage, the price of new vehicles, and the costs associated with repairing new vehicles, oftentimes Mississippi motorists are underinsured.

57. Mississippi sought to combat this problem by enacting Section 83-11-101 of the Mississippi Code, which requires that unless specifically rejected in writing, every automobile policy that is issued in Mississippi is to contain minimum limits of uninsured and underinsured motor vehicle coverage.

58. The Mississippi Motor Vehicle Safety-Responsibility Law requires that unless specifically rejected in writing, every policy of insurance issued in the State of Mississippi shall contain uninsured and underinsured motor vehicle coverage in the amount of $25,000/$50,000/$25,000. *See* Miss. Code Ann. §§ 63-15-1, *et seq.*

59. Mississippi law allows for stacking un uninsured/underinsured motor vehicle coverage.

60. The damages incurred by Mr. Watkins are the type of injuries which § 83-11-101 seeks to avoid.

61. Allstate's wrongful denial of Mr. Watkins' uninsured motorist claim proximately caused or contributed to his damages.

62. The circumstances of Allstate's denial of uninsured motorist coverage in violation of Mississippi Code Annotated § 83-11-101 as set forth above constitutes negligence *per se*.

### Count VI – Gross Negligence

63. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

64. The wrongful acts and/or omissions of Allstate were willful, intentional, malicious, and/or grossly negligent, and evidence a reckless indifference to the consequences of its actions without the exertion of any substantial effort to avoid them. As a result, Mr. Watkins is entitled to recover extra-contractual and punitive damages in an amount that will be shown at the trial of this matter.

### Class action claims

### Count VII – Injunctive Relief

65. Plaintiff individually and on behalf of the class re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

66. Mr. Watkins and the class are entitled to injunctive relief enjoining Allstate from continuing practices that violate the statutory and common law duties described above as well as the contractual and legal obligations owed to Mr. Watkins and the class.

67. Allstate should be compelled to stop its practice of failing to provide UM/UIM coverage for diminished value claims based upon the exclusion that it has incorporated into its policies because the exclusion impermissibly narrows the statutory coverage and such narrowing is against public policy.

68. Allstate Insurance Company should also be compelled to give notice to all class members that they are entitled to make a claim for diminished value pursuant to the UM/UIM coverage provided by the Policy.

### Count VIII – Declaratory Relief

69. Plaintiff individually and on behalf of the class re-alleges and incorporates herein the foregoing allegations of this Complaint as if fully set forth in their entirety.

70. An actual controversy exists between the parties thereby rendering declaratory relief proper pursuant to Rule 57 of the Federal Rules of Civil Procedure and/or the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

71. Mr. Watkins and the class are entitled to a declaratory judgment declaring that Allstate Insurance Company has breached its contracts with the Plaintiff and with the class, has failed to provide UM/UIM coverage and has violated the implied covenant of good faith and fair dealing. Mr. Watkins and the class also request that the Court declare and establish the respective rights and obligations of the parties with respect to the claims set forth herein.

WHEREFORE, PREMISES CONSIDERED, Kenan Watkins, on his own behalf and on behalf of the class, seeks the following relief:

1. Certification of the case as a class action on behalf of the proposed class and designation of Plaintiff as the representative of the class and his counsel of record as class counsel;

2. An award of compensatory damages in an amount to be proven at trial;

3. An award of extra-contractual damages in an amount to be proven at trial;

4. An award of punitive damages in an amount to be proven at trial, and in an amount sufficient to punish Allstate Insurance Company for its reckless, willful, and wanton conduct, and to deter it from such conduct in the future;

5. A declaratory judgment that will establish the rights and obligations of the parties with respect to the claims set forth herein;

6. Injunctive relief striking the exclusion for diminished value claims made pursuant to the uninsured/underinsured motorist coverage provided by the policy.

7. An award of all costs and expenses, including but not limited to, attorneys' fees, pre-judgment and post-judgment interest;

8. Leave to amend this Complaint to conform to any evidence presented at trial; and

9. Such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 20th day of August, 2022.

                                 Kenan Watkins, individually and on
                                 behalf of all others similarly situated

                           By: */s/ Ronald E. Stutzman, Jr.*
                                 Ronald E. Stutzman, Jr.

OF COUNSEL:

Ronald E. Stutzman, Jr. (MSB #101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com